FILED
U.S. DISTRICT COURT
EASTERN DISTRICT TEXAS
DEC 21 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Sutura, Inc.,

      Plaintiff,

v.

Abbott Laboratories, and
Perclose, Inc.,

      Defendants.

Civil Action No. 2:06cv536

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sutura, Inc. ("Sutura"), for its Complaint against Defendant Abbott Laboratories ("Abbott") and Defendant Perclose, Inc. ("Perclose"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4. Sutura is a Delaware corporation having its principal place of business at 17080 Newhope Street, Fountain Valley, California 92708. Sutura develops, manufactures and sells medical suturing devices that automate the surgical closure of blood vessels or other biological tissues. Sutura has applied for and has been issued patents by the United States Patent and

Trademark Office for inventions relating to suturing devices. Sutura does business in the State of Texas and in this judicial district.

5. Abbott is an Illinois corporation with a principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064. Upon information and belief, Abbott does business in the State of Texas and this judicial district, both generally and specifically, by marketing and selling Perclose suturing products that automate the surgical closure of blood vessels or other biological tissues and that are the subject of this action.

6. Perclose is a Delaware corporation with a principal place of business at 400 Saginaw Drive, Redwood City, California 94063. Perclose is a wholly owned subsidiary of Abbott. Upon information and belief, Perclose does business in the State of Texas and this judicial district, both generally and specifically, by marketing and selling suturing products that automate the surgical closure of blood vessels or other biological tissues, including, but not limited to, "The Closer," "The Closer S," "Proglide" and "Perclose A/T" products.

### THE PATENTS-IN-SUIT

7. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 5,860,990 ("the '990 patent"), entitled "Method And Apparatus For Suturing," which issued on January 19, 1999.

8. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 6,117,144 ("the '144 patent"), entitled "Suturing Device And Method For Sealing An Opening In A Blood Vessel Or Other Biological Structure," which issued on September 12, 2000.

9. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 6,245,079 ("the '079 patent"), entitled "Suturing Device And Method For Sealing An Opening In A Blood Vessel Or Other Biological Structure," which issued on June 12, 2001.

10. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 6,551,331 ("the '331 patent"), entitled "Suturing Device And Method For Sealing An Opening In A Blood Vessel Or Other Biological Structure," which issued on April 22, 2003.

11. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 6,562,052 ("the '052 patent"), entitled "Suturing Device And Method," which issued on March 13, 2003.

12. Sutura is the assignee and owner of all right, title, and interest in United States Patent No. 7,004,952 ("the '952 patent"), entitled "Suturing Device And Method For Sealing An Opening In A Blood Vessel Or Other Biological Structure," which issued on February 28, 2006.

## COUNT I – PATENT INFRINGEMENT

Sutura realleges the allegations in the preceding paragraphs as if fully restated in Count I of this complaint.

13. Upon information and belief, Abbott and Perclose have been and still are infringing, and knowingly contributing to and inducing infringement of, one or more claims of the '990, '144, '079, '331, '052, and '952 patents by making, using, selling and/or offering to sell in the United States suturing devices that automate the surgical closure of blood vessels or other biological tissues, including, but not limited to, The Closer, The Closer S, Proglide and Perclose A/T products.

14. Upon information and belief, Abbott's and Perclose's infringement of the '990, '144, '079, '331, '052, and '952 patents has been willful and deliberate, rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

15. Sutura has been damaged by Abbott's and Perclose's infringement of the '990, '144, '079, '331, '052, and '952 patents. Unless restrained and enjoined by this Court, Abbott and Perclose will continue to infringe the '990, '144, '079, '331, '052, and '952 patents resulting in substantial, continuing, and irreparable damage to Sutura.

16. Sutura has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '990, '144, '079, '331, '052, and '952 patents.

## DEMAND FOR JUDGMENT

WHEREFORE, Sutura demands judgment as follows:

A. That Abbott and Perclose be adjudged to have infringed the '990, '144, '079, '331, '052, and '952 patents;

B. That the '990, '144, '079, '331, '052, and '952 patents be adjudged valid and enforceable.

C. That Abbott and Perclose be adjudged to have willfully and deliberately infringed the '990, '144, '079, '331, '052, and '952 patents;

D. That Abbott and Perclose, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently restrained and enjoined from further infringement of the '990, '144, '079, '331, '052, and '952 patents;

E. An accounting and an award of damages by virtue of Abbott's and Perclose's infringement of the '990, '144, '079, '331, '052, and '952 patents;

F. An award of treble damages because of Abbott's and Perclose's willful infringement of the '990, '144, '079, '331, '052, and '952 patents, in accordance with 35 U.S.C. § 284.

G. An assessment of prejudgment and post-judgment interest and costs against Abbott and Perclose, together with an award of such interest and costs, all in accordance with 35 U.S.C. § 284;

H. That the present case be adjudged an "exceptional case" within the meaning of 35 U.S.C. § 285 and reasonable attorneys' fees be awarded pursuant thereto; and

I. An award of such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Sutura hereby demands a trial by jury of all issues triable in the above action.

Dated: December 21, 2006

*Richard T. Ostlund by CL Carroll*

Richard T. Ostlund
Courtland C. Merrill
ANTHONY OSTLUND & BAER, P.A.
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Tel: (612) 349-6969
Fax: (612) 349-6996
Email: rostlund@aoblaw.com
Email: cmerrill@aoblaw.com

Michael Lasky
ALTERA LAW GROUP LLC
6500 City West Parkway Suite 100
Eden Prairie, Minnesota 55344
Tel: (952) 253-4100
Fax:(952) 912-0574
Email: mlasky@alteralaw.com

Otis Carroll
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

Franklin Jones, Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston St.
P. O. Drawer 1249
Marshall, TX 75671-4395
Tel: (903) 938-4395
Fax: (903) 938-3360
Email: maizieh@millerfirm.com

ATTORNEYS FOR PLAINTIFF